**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 8:07-cr-00960-JMC-15 |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| JOHN SAMUEL GLOVER, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on John Samuel Glover, Jr.'s ("Defendant") *pro se*[1] Motion to Reduce Sentence (ECF No. 1159), and Defendant's Motion for Compassionate Release (ECF No. 1197), filed by his attorney.[2] For the reasons set forth below, the court **GRANTS** Defendant's Motion for Compassionate Release (ECF No. 1197) by reducing his sentence and **DENIES AS MOOT** his Motion to Reduce Sentence (ECF No. 1159).

## I. RELEVANT BACKGROUND TO THE PENDING MOTIONS

On February 5, 2008, pursuant to a Plea Agreement, Defendant pleaded guilty to Count One of the Second Superseding Indictment for Conspiracy to Possess with Intent to Distribute Fifty grams or more of cocaine base. (ECF Nos. 302, 433, 470.) Under 21 U.S.C. § 841(b)(1)(A), Defendant was subject to a mandatory minimum of 20 years followed by 10 years of supervised release, based on 7 prior felony drug convictions. (ECF No. 366.) Defendant's total offense level

---

[1] The court must interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] Because Defendant sets forth similar arguments in each motion, the court will evaluate both motions under the legal standard applied to motions for compassionate release.

1

was 37 placing him within Criminal History Category IV.  Accordingly, Defendant's Guidelines range was 360 months to life imprisonment.  (ECF No. 1205.)

The court scheduled Defendant's sentencing hearing for May 28, 2008; however, Defendant failed to appear, and an oral bench warrant was issued for his arrest for absconding pretrial supervision. (ECF Nos. 538, 591.)  Approximately four years later, Defendant was arrested on September 13, 2012, at which time his bond was revoked, and he was ordered to be detained. (ECF Nos. 947, 949.)  On January 29, 2013, the court sentenced and committed Defendant to the custody of the Federal Bureau of Prisons ("BOP") for a term of 360 months followed by 10 years of supervised release.  (ECF No. 1006.)  Defendant is currently incarcerated at the Lawrenceville Correctional Center in Lawrenceville, Virginia.  His projected release date is October 22, 2025. *See* Virginia Department of Corrections, Offender I.D.# 1500695, https://bit.ly/3lakPtT (last visited July 29, 2022).  Thereafter, on December 10, 2014, the Judgment of this court was amended to reflect that Defendant's state sentence was imposed after the federal sentence and to allow the sentences to run concurrently.  (*See* ECF No. 1055.)

Subsequently, on September 28, 2016, the court granted the Government's motion for a sentence reduction pursuant to Fed. R. Crim. P. 35(b) and issued an Amended Judgment wherein Defendant was committed to the BOP's custody for 262 months, running concurrently with Defendant's active Virginia state sentence.  (ECF No. 1134.)  Thereafter, Defendant is subject to 10 years of supervised release.  (*Id.*)

Proceeding *pro se*, Defendant filed a Motion to Reduce Sentence pursuant to the First Step Act of 2018 (ECF No. 1159) coupled with a Motion to Appoint Counsel for his Motion to Reduce Sentence.  (ECF No. 1158.)  The court granted Defendant's Motion to Appoint Counsel.  (ECF No. 1160.)  Defendant asserts the court should reduce his sentence based upon section 404(b) of

2

the Fair Sentencing Act as well as the 18 U.S.C. § 3553 sentencing factors. (ECF No. 1174 at 1, 5-6.) In essence, Defendant maintains he is entitled to a reduction in his sentence because he would receive a lesser sentence if he was convicted in the present day. (*Id.*, ECF No. 1166 at 6-7.)

Defendant also moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 1197.) Defendant utilizes arguments from his previous Motion to Reduce Sentence pursuant to the First Step Act of 2018. (ECF No. 1159.) Because the First Step Act reduces mandatory minimum sentences for drug offenses, Defendant claims there are significant discrepancies between the sentence Defendant received previously and the sentence he would receive if the court rendered judgment today. (ECF No. 1202 at 21-22.) Defendant contends this constitutes an extraordinary and compelling circumstance for compassionate release and that the § 3553(a) Sentencing Factors, particularly § 3553(a)(6), also weigh in his favor. (*Id.* at 24-26.)

In response, the Government states Defendant was appropriately sentenced under the USSG § 2D1.1(c)(4) and USSG § 3C1.1 guidelines and Defendant's criminal history supports a denial for compassionate release under the § 3553(a) sentencing factors. (ECF No. 1205 at 5 ("[e]very defendant convicted and sentenced today for the exact crime Defendant pleaded guilty to—conspiracy to possess with intent to distribute 5 kilograms or more of cocaine—would face the same statutory penalty range he faced… the § 3553(a) factors support the Court's denial of discretionary relief[.]").)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides a federal district court sentencing judge with jurisdiction "to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the

3

defendant has exhausted his administrative remedies." *United States v. Kubinski*, NO. 3:93 CR28-1H, 2020 WL 2475859, at *2 (E.D.N.C. May 13, 2020).

### III. LEGAL STANDARD

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances.

> As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for 'extraordinary and compelling reasons' 'upon motion of the Director of the Bureau of Prisons' or 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'

*United States v. Feiling*, 453 F. Supp. 3d 832, 837 (E.D. Va. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

"By its plain language, § 3582(c)(1)(A) requires defendants to first exhaust administrative remedies or wait thirty days after requesting that the warden of their facility file a motion for a sentence reduction; however, courts have waived this requirement when enforcing it would prove futile." *Id.*; *See also United States v. Kibble*, 992 F.3d 326, 330 n.2 (4th Cir. 2021). Furthermore, the court may waive the exhaustion requirement under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *See also United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (waiving the exhaustion requirement when a defendant had not fully exhausted his administrative remedies).

4

"Extraordinary and Compelling Reason[s]" for release are—in part—defined in application notes (1) (A-D) of U.S.S.G. § 1B1.13. These reasons include whether (A) defendant suffers from a terminal illness, serious medical condition, serious functional or cognitive impairment, or deteriorating mental or physical health due to age which renders them unable to provide self-care; (B) defendant is a defined age or has served a defined percentage of their sentence; (C) certain family circumstances compel the court; or (D) there exists some "other" extraordinary and compelling reason. *See Id.* The policy statement under U.S.S.G. § 1B1.13 further provides that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason…" U.S.S.G. § 1B1.13 cmt. n.3.

As the plain language of § 1B1.13 applies only to motions brought by the BOP on the defendant's behalf, it is not applicable to motions for compassionate release brought by the defendant on their own behalf. *United States v. McCoy*, 981 F.3d 271, 281-83 (4th Cir. 2020). While the policy statements "remain helpful guidance" in evaluating defendant's own motions, courts retain the discretion to make their own independent determinations of what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A). *Id*; *United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020).

After discerning whether extraordinary and compelling reasons exist, the court considers § 3553(a)'s sentencing factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the sentencing range established per the applicable guidelines; (5) any pertinent policy statement by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *Id.*

Finally, the court may consider whether a person presents a "danger to the safety of any other person or the community" under the balance of four (4) factors: (1) the nature and circumstances of the offense, with attention to the instant crime's level of violence or involvement with a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger posed to any person or the community upon the defendant's release. 18 U.S.C. § 3142(g).

## IV. ANALYSIS

### A.     Exhaustion

Because Defendant is not incarcerated at a BOP facility, the court must evaluate if there is proper jurisdiction to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As discussed below, the court finds it has proper jurisdiction over this claim.

The Supreme Court of the United States interpreted a similar provision to 18 U.S.C. § 3582 when they reviewed Title VII of the Civil Rights Act of 1964. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019) (maintaining the statutory procedure therein was not intended to be a jurisdictional bar). Under the Title VII statutory procedure, the employee must first file a complaint with the Equal Employment Opportunity Commission, allowing the agency to file suit on their behalf. *Id.* If the agency declines, the complainant may bring a cause of action in court. *Id.* Under *Davis*, the Court determined there is jurisdiction to consider a Title VII claim even if the petitioner fails to comply with the statute's provision. *Id.* Title VII's statutory scheme can be applicable to the exhaustion requirement under 18 U.S.C. § 3582. *See e.g.*, *United States v. Saladino*, 7 F. 4th 120 (2d Cir. 2021).

Like *Davis*, failure to adhere to 18 U.S.C. § 3582's exhaustion requirement does not jurisdictionally bar the court from weighing the merits of a case. *Id.* at 123; *United States v.*

*Muhammad*, 16 F. 4th 126, 129 (4th Cir. 2021); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021); *United States v. Keller*, 2 F. 4th 1278, 1282 (9th Cir. 2021); *United States v. Alam*, 960 F. 3d 831, 833 (6th Cir. 2020); *United States v. Gunn*, 980 F. 3d 1178, 1179 (7th Cir. 2020); *United States v. Franco*, 973 F. 3d 465, 467-68 (5th Cir. 2020) (collectively concluding that § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional bar). Because § 3582(c)(1)(A) is not a jurisdictional limitation, the exhaustion requirement is a "claim-processing rule[]" and accordingly "may be waived or forfeited[.]" *Saladino*, 7 F. 4th at 123 (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17-18 (2017)).

Courts may waive the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i) when there is no BOP warden to grant relief, or if exhaustion would result in inadequate relief. *See e.g., United States v. Norris*, 458 F. Supp. 3d 383, 386 (E.D.N.C. 2020) (waiving the exhaustion requirement because the defendant was not incarcerated at a BOP facility, and there was no BOP warden to grant a compassionate relief request); *See e.g., Albury v. United States*, 496 F. Supp. 3d 974, 978-79 (E.D. Va. 2020) (even though Petitioner was not incarcerated at a BOP facility, the court determined waiver was appropriate as there was no BOP Warden, and the Government did not identify any administrative procedures available to the defendant); *See also United States v. Jepsen*, 451 F. Supp. 3d 242, 244-45 (D. Conn. 2020) (finding that defendant's motion for compassionate release was properly before the court because there was no warden at a non-BOP facility); *United States v. Perez*, 451 F. Supp. 3d 288, 292 (S.D.N.Y. 2020) ("exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief.")

Here, there is no BOP warden to grant Defendant compassionate release, so the court waives 18 U.S.C. § 3582's exhaustion requirement. Defendant is incarcerated at Lawrenceville Correctional Center. Because this facility is a Virginia State prison, there is no BOP warden to

grant Defendant compassionate release.  Consequentially, requiring Defendant to go through the administrative process would result in inadequate relief and would be futile.  *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (holding that waiver of the exhaustion requirement is appropriate under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice).  Defendant satisfies at least the first two instances, so waiver of the exhaustion requirement is proper.

The court observes this is an uncontested issue between the parties.  (*See* ECF No. 1205 at 2.  ("The Government is not able to identify any additional administrative procedures available to Defendant.  The Government, therefore, waives any argument it may have regarding the defendant's failure to satisfy the exhaustion requirement[.]").)  When the Government does not identify administrative procedures available to the defendant, the court may waive the exhaustion requirement.  *Saladino*, 7 F. 4th at 124 ("[b]ecause the government no longer asserts the exhaustion requirement as a defense, Saladino may proceed with his motion even if he has not complied with that requirement."); *Albury*, 496 F. Supp. 3d at 978-79.  Therefore, because the Government does not contest this issue and relief would be inadequate as well as futile upon exhaustion, the court waives the exhaustion requirement.

### B.     Extraordinary and Compelling Circumstances

Defendant maintains he would receive a significantly lesser sentence if he were sentenced today due to the First Step Act.  (ECF No. 1202 at 21-22.)  Courts may consider substantial sentencing disparities to be extraordinary and compelling circumstances that constitute compassionate release.  *See McCoy*, 981 F.3d at 285; *United States v. Redd*, 444 F. Supp. 3d 717

(E.D. Va. 2020); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) (collectively holding that significant disparities between the sentencing that the defendant received compared to what the defendant would have received after the First Step Act warranted extraordinary and compelling circumstances).

In this case, Defendant has presented extraordinary and compelling circumstances for compassionate release. Although the First Step Act's retroactive changes do not implicate Defendant's original guidelines range, current law declares Defendant is not a career offender because Defendant's conviction is no longer a controlled substance offense pursuant to USSG § 4B1.2(b). *See United States v. Norman*, 935 F.3d 232, 237-39 (4th Cir. 2019). Still, Defendant's mandatory minimum sentence is fifteen years to Life. *See* 21 U.S.C. § 841(b)(1)(A).

The court recognizes the Government did not adjust the Base Offense Level for the drug weight after the change in the 2014 sentencing guidelines. Following a careful review of the record, Defendant is responsible for 2,578.55 kg of converted drug weight, resulting in an Offense Level of 30 as opposed to 32. Defendant's offense level is increased by 2 points for obstruction, so his Total Offense Level is 32. As a result, Defendant falls under a Criminal History category of VI, and his guideline range is 210-262 months.

The court granted the Government's Motion for a Sentence Reduction based on Defendant's substantial assistance pursuant to Fed. R. Crim. P. 35(b), issuing an Amended Judgment wherein Defendant was committed to the BOP's custody for 262 months. (ECF No. 1134.) While the Defendant's Amended Judgment falls within his adjusted guideline range, he will have lost the credit for his substantial assistance. Accordingly, because Defendant's sentence has not been reduced to reflect his assistance to the Government, there are extraordinary and compelling circumstances which constitute compassionate release.

### C.     § 3553(a) sentencing factors

§ 3553(a) lists the following factors that a court should consider during a defendant's sentencing:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553.

In weighing the most relevant factors, this court **GRANTS** Defendant's Motion for Compassionate Release (ECF No. 1197) and **DENIES AS MOOT** Defendant's Motion to Reduce Sentence (ECF No. 1159).

#### i.     The Instant Offense and Defendant's History

The first factor is the nature and circumstance of the offense as well as the defendant's history. 18 U.S.C. § 3553.

On February 5, 2008, pursuant to a Plea Agreement, Defendant pleaded guilty to Count One of the Second Superseding Indictment for Conspiracy to Possess with Intent to Distribute Fifty Grams or More of Cocaine Base. (ECF Nos. 302, 433, 470.) Defendant's sentencing hearing was set for May 28, 2008; however, Defendant failed to appear, and an oral bench warrant was issued for his arrest for absconding pretrial supervision. (ECF Nos. 538, 591.) Defendant remained a fugitive until he was arrested in 2012 on new drug trafficking charges. (ECF No. 1205 at 2.) Following Defendant's arrest, his bond was revoked, and he was detained. (ECF Nos. 947, 949.) Defendant agreed he was responsible for 12 to 15 kilograms of cocaine and that at least 50

10

grams was converted to crack cocaine for distribution during his Rule 11 hearing. (ECF No. 1205 at 5.)

Turning to Defendant's criminal history, the court observes the following:

> (1) Possession Crack Cocaine 2005-GS-04-2919, In General Sessions Court of Anderson County, South Carolina (March 12, 2007); (2) Possession Crack Cocaine 1998-GS-04-37, In General Sessions Court of Anderson County, South Carolina (January 9, 1998); (3) Possession With Intent to Distribute Crack Cocaine 1997-GS-04-1305, In General Sessions Court of Anderson County, South Carolina (November 10, 1997); (4) Possession With Intent to Distribute Crack Cocaine 1997-GS-04-1306, In General Sessions Court of Anderson County, South Carolina (November 10, 1997); (5) Possession With Intent to Distribute Crack Cocaine 1997-GS-04-2379, In General Sessions Court of Anderson County, South Carolina (November 10, 1997); (6) Possession With Intent to Distribute Crack Cocaine within Proximity of a School 1996-GS-04-2556, In General Sessions Court of Anderson County, South Carolina (November 10, 1997); (7) Trafficking Crack 1996-GS-04-2555, In General Sessions Court of Anderson County, South Carolina (November 10, 1997).

(ECF No. 366.)

Notably, Defendant committed six out of the seven of the above offenses when he was a teenager. Still, following a thorough consideration of the instant offense as well as Defendant's criminal history, the court finds that the first factor under 18 U.S.C. § 3553 weighs against Defendant.

### ii.    Seriousness of the Offense

Section 3553(a)(2)(A) considers whether the sentence reflects the seriousness of the offense and provides just punishment for the offense. 18 U.S.C. § 3553. Drug convictions are generally considered to be serious crimes. *United States v. McCullough*, No. CR ELH-19-0286, 2022 WL 1046358, at *11-12 (D. Md. Apr. 6, 2022) (possession with intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, more than 280 grams of cocaine base deemed as a serious offense).

Here, Defendant's sentencing reflects the seriousness of the offense and provides just punishment. Prior to his arrest, Defendant was a fugitive for four years. (ECF No. 1205.) Moreover, Defendant was significantly involved in this drug conspiracy, accepting responsibility for 12 to 15 kilograms of cocaine, with approximately 50 grams being converted to crack cocaine for distribution. (*Id.* at 5.) Thus, Defendant's incarceration provides a just punishment for his offense and demonstrates its seriousness; accordingly, the second factor weighs against him.

### iii. Need to Avoid Unwarranted Sentence Disparities

18 U.S.C. § 3553(a)(6) considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" In *McCoy*, the Fourth Circuit decided that a large enough sentencing disparity of a pre-First Step Act sentence imposed under section 924(c), along with other relevant factors, could combine to authorize reducing a defendant's sentence based upon extraordinary and compelling circumstances. *McCoy*, 981 F.3d 271 at 286. Yet the Fourth Circuit emphasized that reviewing a compassionate release request requires "full consideration of the defendants' individual circumstances." *Id.* at 286 (observing defendants were between ages 19 to 24 at the time of the offenses, had spent half their lives in prison, and "had established excellent institutional records and taken substantial steps towards rehabilitation") (citations omitted).

Following a careful consideration of the record, the court finds the need for unwarranted sentence disparities outweighs the previous sentencing factors. If an individual were in a comparable position to Defendant, they would be sentenced on the lower end of the guideline range. Defendant has not been credited for his substantial assistance to the Government following the adjustment of the sentencing guidelines. Because of this assistance, Defendant's judgment is reduced from 262 months to 210 months.

Although Defendant has a significant criminal history, he committed most of the offenses when he was nineteen. (*See* ECF No. 366.) Currently, Defendant is 44 years old and has been in BOP custody since January 29, 2013. (ECF No. 1006.) In total, Defendant has served approximately 114 months of his 262-month sentence. (ECF No. 1134.) A reduction of his sentence to 210 months still serves as just punishment for the offense and, therefore, following a full consideration of Defendant's individual circumstances, the court must avoid unwarranted sentencing disparities and provide Defendant credit for his assistance the Government.

## V.  CONCLUSION

After a thorough review, the court **GRANTS** John Samuel Glover's Jr.'s Motion for Compassionate Release (ECF No. 1197) by reducing his sentence to 210 months and **DENIES AS MOOT** his Motion to Reduce Sentence (ECF No. 1159).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 1, 2022
Columbia, South Carolina